# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**ALONZO HAMPTON,**
**ADC #137559**                                                                                              **PLAINTIFF**

Case No. 4:20-cv-00892-KGB-JTK

**WENDY KELLEY,** *et al*.                                                                           **DEFENDANTS**

## ORDER

The Court has received Proposed Findings and Recommendations from United States Magistrate Judge Jerome T. Kearney entered on July 16, 2021 (Dkt. No. 56). The Arkansas Division of Correction ("ADC") defendants Lasonya Scott, Justine Minor, Jared Byers, Raymond Naylor, and Dexter Payne filed objections to the Proposed Findings and Recommendations in which they state that plaintiff Alonzo Hampton's sanction of the 150 days of good time credit that was forfeited as a result of the major disciplinary at issue in this case was restored "upon administrative review" (Dkt. No. 62, at 3-4). The ADC Defendants attach to their objections a memorandum to Mr. Hampton from Jada Lawrence, Executive Assistant to the Director, dated August 10, 2021, advising Mr. Hampton that, at Director Payne's request, she has "modified [his] December 30, 2019, Major Disciplinary to restore [his] 150 days of forfeited Good Time." (Dkt. No. 62-1).

Mr. Hampton filed an argument against defendants' objections to the Proposed Findings and Recommendations (Dkt. No. 63). In his argument against the defendants' objections, Mr. Hampton contends that the defendants are "being dishonest and are using dishonest tactics in order to not only fool this honorable court but the defendants are also trying to deny the plaintiff any sort of legitimate relief," (*Id*., at 1). Mr. Hampton asserts that the ADC defendants' restoration of his good time credits does not moot his claim for nominal damages arising from the defendants using

the wrong proceeding at his January 2, 2020, disciplinary hearing and during the subsequent appeal process (*Id.*).

After a review of the Proposed Findings and Recommendations, the objections, and the response to the objections, as well as a *de novo* review of the record, the Court declines to adopt the Proposed Findings and Recommendations (Dkt. No. 56).

A prisoner may maintain a due process challenge to a prison disciplinary proceeding only if he is deemed to have a liberty interest at stake. *Sandin v.* Conner, 515 U.S. 472, 484 (1995); *Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003). A prisoner does *not* have a liberty interest in avoiding disciplinary segregation and the suspension of privileges for a period of days because such sanctions do not create an "atypical and significant hardship on an inmate in relation to the ordinary incidents of prison life." *See Kennedy v. Blankenship*, 100 F.3d 640, 642-43 & n.2 (8th Cir. 1996) (30 days in punitive segregation, which included the suspension of mail, telephone, visitation and commissary privileges); *Portley-El v. Brill*, 288 F.3d 1063, 1065–66 (8th Cir. 2002) ("thirty days in punitive segregation is not an 'atypical and significant hardship . . . in relation to the ordinary incidents of prison life' that would give rise to a constitutionally protected liberty interest"); *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976) (there is not a protected liberty interest in a particular prison classification); *Carney v. Houston*, 33 F.3d 893, 894 (8th Cir. 1994) (same). Because Mr. Hampton's punishment resulting from his disciplinary conviction—60 days of restrictions, 30 days in punitive isolation, and reduction in class—do not involve a liberty interest, Mr. Hampton does not have a liberty interest at stake in order to maintain a due process challenge to disciplinary hearing procedure.

Accordingly, the Court grants defendants' motion for summary judgment (Dkt. No. 39). The Court denies Mr. Hampton's motion for partial summary judgment (Dkt. No. 42).

The Court denies as moot the Proposed Findings and Recommendations from Judge Kearney entered on September 21, 2021, and October 19, 2021, and Mr. Hampton's motions for preliminary injunctive relief (Dkt. Nos. 64; 66; 67; 70).

It is so ordered this 29th day of March, 2022.

_____
KRISTINE G. BAKER
UNITED STATES DISTRICT JUDGE